**Melissa MELLOTT, Plaintiff,**

v.

**MSN COMMUNICATIONS, INC., Defendant–Appellee,**

**John Olsen, Attorney–Appellant.**

**No. 12–1323.**

United States Court of Appeals, Tenth Circuit.

March 19, 2013.

Clifford J. Barnard, Clifford J. Barnard, Attorney at Law, Boulder, CO, for Plaintiff.

Raymond W. Martin, Wheeler Trigg O'Donnell, Denver, CO, Julie Walker, McElroy, Deutsch, Mulvaney & Carpenter, Greenwood Village, CO, for Defendant–Appellee.

John Olsen, Niwot, CO, pro se.

Before BRISCOE, Chief Judge, HOLLOWAY, Senior Circuit Judge, and TYMKOVICH, Circuit Judge.

### ORDER AND JUDGMENT *

PER CURIAM.

Attorney John Olsen represented Melissa Mellott in an employment-discrimination action. Mr. Olsen's support of Ms. Mellott's egregious conduct in that suit, which the district court thoroughly described in the order that we have attached, led the court to impose a $25,000 sanction

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

against Mr. Olsen under Fed.R.Civ.P. 11. On appeal, however, we held that the Rule 11 sanction was procedurally defective. *Mellott v. MSN Commc'ns, Inc.*, 492 Fed. Appx. 887, 887–89 (10th Cir.2012) (unpublished). Although we "sympathize[d] with the district court's frustration with Mr. Olsen's conduct," *id.* at 887, and we "considered affirming the sanction on other grounds," *id.* at 888, ultimately we left it to the district court to consider imposing a sanction under another authority, such as the court's inherent power.

On remand, relying on its prior findings and conclusions, the district court imposed on Mr. Olsen a $25,000 sanction under the court's inherent power. Mr. Olsen again appeals. We review an inherent-power sanction for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Mr. Olsen argues that the district court: (1) violated his right to due process by not giving him adequate notice or an opportunity to testify; (2) failed to make the necessary finding that he acted in bad faith, vexatiously, wantonly, or for oppressive reasons, *see id.* at 45–46, 111 S.Ct. 2123; (3) "should not be permitted to resort to its inherent authority when other bases for consideration of a sanction were available" and either were not invoked or were improperly imposed, Aplt. Br. at 51; and (4) did not consider certain factors prescribed by this court for assessing a sanction. None of these arguments establish that the inherent-power sanction was an abuse of discretion.

First, Mr. Olsen had adequate notice and opportunity to respond. He was a subject of defendant's request for sanctions, which invoked the court's inherent power; he filed a written response; and he was allowed to address the court in his capacity as an attorney. *Cf. Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir.1995) (holding that attorney received inadequate notice of sanctions where she was not the subject of defendants' request for sanctions or the district court's original order finding sanctionable conduct). There is no merit in Mr. Olsen's contentions that the district court impermissibly expanded the proceedings sua sponte, denied him due process by declining to allow him to testify as a witness, or impermissibly imposed the inherent-power sanction without undertaking any further proceedings (such as an additional hearing) after the remand. *See, e.g., id.* ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements.").

Second, in imposing the inherent-power sanction the district court relied on its previous order, in which it explicitly "conclude[d] that Mr. Olsen's conduct exceeded mere objective unreasonableness" and stated that inherent authority would support a sanction. Aplt.App. Vol. XX at 1978. Those conclusions are amply supported by the district court's discussion of the underlying facts.

Third, in *Chambers* the Supreme Court stated that "[t]here is … nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct." 501 U.S. at 50, 111 S.Ct. 2123. The Court continued, "if in the informed discretion of the court, neither [28 U.S.C. § 1927] nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* Our previous decision discussed why some of the other sanctioning authorities were not "up to the task." *See Mellott*, 492 Fed.Appx. at 888–90.

Fourth and finally, Mr. Olsen relies on *White v. General Motors Corp.*, 908 F.2d 675, 684–85 (10th Cir.1990), for his argument that the district court must consider certain factors in assessing the amount of a sanction. *See* Aplt. Br. at 47–48, 55. *White*, however, involved an award under Rule 11, not under the court's inherent power. 908 F.2d at 678. Mr. Olsen has not directed us to any authority requiring a district court to apply the *White* factors when imposing an inherent-power sanction.

The judgment of the district court is affirmed.